## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAUNE BURNS,                          )
                                       )
          Plaintiff,                   )
                                       )
vs.                                    )
                                       )
PAROLE AGENT FOX,                      )     Case No. 24-cv-0065-DWD
BROOKE SETTLE,                         )
PAROLE AGENT WILLIAMS,                 )
E. AKPORE,                             )
KASSANDRA KEISER,                      )
JANE DOE 1,                            )
JANE DOE 2,                            )
EDITH L. CRIGLER,                      )
PAROLE AGENT MOORE,                    )
                                       )
          Defendants.                  )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Shaune Burns, was inmate of the Illinois Department of Corrections (IDOC) detained at Shawnee Correctional Center, when he filed this civil lawsuit about the constitutionality of his detention. (Doc. 1). Specifically, Plaintiff alleges that he was on supervised release, but then his case was remanded from the Illinois Court of Appeals with directions to re-instate his motion to withdraw his guilty plea. He argues that because of the remand, he should have been on bond not parole, and thus should not have been subject to the parole violations that ultimately led to his detention.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that

is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges he entered prison on March 1, 2018, and was released on parole on June 29, 2021.  (Doc. 1 at 8).  Plaintiff was initially placed at Hand and Hand, a facility in Chicago, and he was assigned to Parole Agent Mays.  Plaintiff was "put out" of Hand and Hand and had to be assigned to a new parole agent to correspond with his new address in Chicago.  On September 25, 2021, Plaintiff met with his newly assigned parole officer, Defendant Williams.  Williams was accompanied by Defendant Fox, and Fox expressed distaste for Plaintiff based on the nature of his underlying conviction.  Every time that Plaintiff saw Fox, Fox was "nasty" with him.  Plaintiff attempted to report Fox's behavior to a 1-800 number, but each time he was connected with Fox's supervisor, Defendant Akpore, she would tell him to stop reporting her agents.  Plaintiff tried to report Akpore's conduct, but it was fruitless because the hotline was routed to the people against whom he was trying to lodge complaints.  Despite Fox not being Plaintiff's official agent, Plaintiff alleges that Fox wrote him up the most.

In December of 2021, Plaintiff alleges that his case was remanded, and thus he believes he should have been placed on bond instead of parole.  He also argues that his

GPS monitor should have been removed in light of the remand.  Plaintiff believes he was on bond when he was remanded to prison, and he argues this cannot be right.

Plaintiff tried to raise the issue with the hearing officers at Stateville Correctional Center, but he did not have proof of his allegation that he was on bond.  He alleges the hearing officer re-started a video recording to cover up proof that he raised the issue of bond versus parole.  He explains that later when he was before the Review Board they told him that he could have explained this all to the hearing officer, and he then realized she had re-started the recording of his original hearing.

In closing, Plaintiff argues that because his case was remanded, it was not possible for him to be on parole or to be sent back to prison for parole violations.  He alleges that his rights were overlooked.

Plaintiff seeks recordings of the calls he made to the 1-800 number, recordings of his interactions with Fox and Akpore, monetary damages, a court order that everything in his case file be provided to him, and an attorney.  (Doc. 1 at 10).

In support of the Complaint, Plaintiff submitted a number of documents.  A one-page order from the Illinois appellate court indicates that his motion to withdraw his guilty plea was timely filed, that the Circuit Court order striking it as untimely was incorrect, and that as such, his case should be remanded to the Circuit Court for "post-plea proceedings."  (Doc. 1 at 13).  Plaintiff also included a series of personal declarations and affidavits about a variety of issues.  For example, one declaration talks about an injury he sustained while incarcerated in June of 2023.  (Doc. 1 at 14).  In another affidavit, Plaintiff talks in greater detail about problems he encountered with the various parole

agents, including Defendants Fox, Moore, and Akpore.  (Doc. 1 at 15-16).  Plaintiff's documents also include an excerpt of a state court docket sheet that reflects the remand of his case, and which lists him on "bond" as of January 28, 2022.  (Doc. 1 at 27).  Parole violation reports show that on the same day a warrant was issued for Plaintiff based on multiple violations, and on January 30, 2022, Plaintiff signed the violation report and it was set for a hearing in February of 2022.  (Doc. 1 at 29-31).

## DISCUSSION

At bottom, Plaintiff's allegations in this case all relate to the central contention that his parole was wrongfully revoked either because his custodial status was misunderstood at the time a violation report was filed, or because the individual parole agents had some sort of animosity towards him related to the nature of his criminal offense.  Plaintiff does not provide any proof that he has substantively raised these contentions in his state court criminal case.  He indicates that he has raised only some of these contentions in parole proceedings—specifically, he tried to inform parole and prison personnel that he thought he should be on bond, not parole.  Although he indicates that his criminal case was remanded by the Illinois Court of Appeals for post-plea proceedings, he does not actually indicate that his conviction has been invalidated or vacated in full.  The most recent status that he provided on the case is the one-page excerpt of the docket sheet which shows that in August of 2022 there was a motion for a speedy trial, and on August 23, 2022, there was a motion hearing.  (Doc. 1 at 27).

*Heck v. Humphrey,* 512 U.S. 477 (1994), holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal

conviction, unless that conviction has been set aside by appeal, collateral review, or pardon.  A civil claim may be barred by *Heck* if success on the claim necessarily implies the invalidity of the underlying criminal conviction.   *Heck's* favorable-termination requirement also extends to claims that a plaintiff's good-time credit, parole, or supervised release was improperly revoked.  *See Courtney v. Butler*, 66 F.4th 1043, 1050 (7th Cir. 2023).

Plaintiff does not meet the threshold of showing that his state court criminal conviction was actually invalidated.  Instead, he shows only that it was remanded to state court for reconsideration of his motion to withdraw a guilty plea.  Plaintiff's arguments to attack his detention status in relation to his parole revocation, all fall within the scope of *Heck.*

Alternatively, to the extent that his state court criminal proceedings are still ongoing, an attack related to any issues associated with those proceedings may also be barred by the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interference with pending state judicial proceedings.  *See J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) (a federal court should not intervene with ongoing state criminal proceedings under *Younger* abstention).   Federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interest, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate."  *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). Extraordinary or special circumstances are generally limited to issues of double jeopardy

or speedy trial. *Sweeny v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Although the one-page docket sheet excerpt shows a speedy trial demand, Plaintiff does not contend his right to a speedy trial has been violated. Plaintiff has not demonstrated extraordinary circumstances that warrant bypassing *Younger* abstention, so if his criminal proceedings are still pending, the Court also abstains for this reason.

*Heck* and *Younger* problems aside, Plaintiff has also named defendants in this case that he did not explicitly mention in the factual narrative. Individual liability under § 1983 relies on personal involvement in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Naming a party in the caption, without describing their role in the body of the complaint, is insufficient to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (a plaintiff cannot sate a claim against a defendant by including the defendant's name in the caption). Plaintiff named Defendants Kassandra Keiser, Jane Doe 1 (hearing officer), Jane Doe 2 (hearing officer), and Edith L. Criegler in the caption of the complaint, but did not otherwise reference these parties by name in the body text of the complaint. Thus, any claim against them is insufficient.

In addition to the *Heck* and *Younger* doctrines, the Court notes that this is the second lawsuit that Plaintiff has filed in this District challenging the events that surround his parole, and his eventual revocation. The other case—*Burns v. Jeffreys, et al.*, Case No. 23-cv-1797-SMY (S.D. Ill. 2023)—is still pending before District Judge Staci M. Yandle. A cursory review of the parties and the complaint in that case reveals that the claims and exhibits presented in both cases have significant overlap, with the *Burns v. Jeffreys* case encompassing the allegations presented in the above captioned case, as well as additional

allegations about Plaintiff's experience seeking a housing placement for purposes of parole. Based on the substantial overlap in the two cases, the Court will not give Plaintiff an opportunity to amend the pleading in the present case. Plaintiff has presented these claims in his earlier filed case, *Burns v. Jeffreys,* and to the extent he believes he can still state a colorable claim on these theories he should further pursue that in his earlier filed case.

Based on the foregoing analysis, the Court finds that Plaintiff's complaint is insufficient to state a claim as to any defendant he named but did not describe in the body text, and his complaint is also subject to dismissal under *Heck* and *Younger*. As such, Plaintiff's complaint will be dismissed in full. He will not be afforded an opportunity to file an amended pleading because this complaint is duplicative of *Burns v. Jeffreys*, Case No. 23-cv-1795-SMY, which is still pending, and within which he could replead any claim he would have presented in this lawsuit.

Plaintiff has two pending motions for counsel (Docs. 3, 9), and a motion to preserve evidence (Doc. 10). All three motions are denied in light of the dismissal of this case. The Court notes that in the Second Motion to Appoint Counsel (Doc. 9), Plaintiff mentioned that he was being paroled to Hand and Hand in Chicago—4207 W. Carroll Ave., Chicago, IL 60624. (Doc. 9 at 1). He also asked that his documents be sent to his friend Donna Liszka at 9 Bent Tree Ct., Bolingbrook, IL 60440. The Court will interpret this information as a request to update his address, and the Clerk of Court is **DIRECTED** to utilize both addresses to send Plaintiff a copy of this Order.

DISPOSITION

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is dismissed for failure to state a claim, and because it is barred by the *Heck* and *Younger* doctrines.  This dismissal is without prejudice because if Plaintiff later invalidates his state court conviction, he may be able to re-present associated claims under § 1983, and because he has ongoing related litigation in this District.  The Clerk of Court is **DIRECTED** to enter judgment accordingly, and to **CLOSE** this case.

The Clerk of Court is **DIRECTED** to update Plaintiff's addresses to: Hand and Hand, 4207 W. Carroll Ave., Chicago, IL 60624; and, Donna Liszka, 9 Bent Tree Ct., Bolingbrook, IL 60440.  The Clerk is further **DIRECTED** to send a copy of this Order to both addresses.

**IT IS SO ORDERED.**

Dated: March 22, 2024

/s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge